WILL BURNSIDE *v.* STATE.

[62 South. 420.]

WEAPONS.  *Carrying concealed weapon.  Definition.*

> A pistol which can neither be loaded nor unloaded nor fired, which is filled with dirt and so rusty as not to be able to open, to work or to cock, is not such a weapon as is contemplated under the law prohibiting carrying concealed weapons.

APPEAL from the circuit court of Montgomery county. Hon. J. A. TEAT, Judge.

Will Burnside was convicted of carrying concealed weapons and appeals.

The facts are fully stated in the opinion of the court.

*Thompson & Witty* and *Fred M. Witty,* for the appellant.

We submit that the so-called pistol in evidence is not a "pistol" within the meaning of our statute; or that, at least it was for the jury to decide, as a question of fact, whether the object introduced in evidence had forever lost the characteristics, attributes and appearance of a pistol, and had become utterly incapable of ever again being loaded, unloaded or discharged; and we submit, further, that, in the event the jury decided the above proposition in the affirmative, then the appellant was entitled to a verdict of "not guilty." This contention was embodied, and was presented to the trial court, in the instructions asked by appellant and refused by the lower court. We have read with care the holding of this court in the cases of *Mitchell* v. *State,* 55 So. 354, and *Bollis* v. *State,* 19 So. 99, but we submit that neither of these two cases is decisive of the case at bar. In the case of *Mitchell* v. *State, supra,* our court followed the doctrine so clearly and emphatically enunciated by the courts of Alabama and Georgia, which is also in line with the great weight of authority, and decided that a pistol, though temporarily disabled and incapable of being discharged, is yet a pistol, within the meaning of our statute, even though it could not be discharged in the ordinary way, provided it could be fired by means of a hammer, a match, or other extraordinary agency. The case of *Mitchell* v. *State* does not deny, but impliedly admits, that a pistol which is utterly incapable at the time of being fired in any way, which has forever lost its characteristics, attributes and appearances as a pistol, and has become utterly incapable of ever being loaded, unloaded or discharged, is not a pistol within the purview of our law. And, in making this implied admission, our court is in direct line with the universal trend of authority, so far as we have been able to ascertain. The universal test seems to have been whether or not the al-

leged pistol was one which could be discharged. In the case of *State* v. *Bollis, supra,* our court held that an unloaded pistol fell within the inhibition of our statute, for the reason, that, as said by our court, "nothing could be easier than to carry the pistol in one pocket, and the cartridges in another, and, when desired, load quickly and take life." It will thus be seen that the decision of the court was based on the sound reason that even an unloaded pistol was capable of being discharged imme- diately. In the case of *Redus* v. *State,* 82 Ala. 53, 2 So. 713, the handle and the main-spring of the pistol in ques- toin was broken, but the pistol could be fired by holding it in one hand and striking its hammer with a knife or other instrument. The Alabama court, in deciding that such a pistol fell within the prohibition of the statute, likewise grounds its decision upon the fact that the pistol could be discharged. See, also *Hutchinson* v. *State,* 62 Ala. 3. The case of *Atwood* v. *State,* 53 Ala. 508, goes further than any decision we have been able to find in declaring that a disabled pistol falls within the meaning of the statute, but even in that case the court bases its holding upon the fact that the pistol was "capable of use," even though "scarcely" so; and the court impliedly says that the alleged weapon would not be a pistol, if ut- terly incapable of ever being discharged; we can find no decision which has denied that proposition, but, im- pliedly, it is universally admitted. In addition to the authorities cited above, see further *Smith* v. *State,* 96 S. W. 1086; *Cook* v. *State,* 11 Tex. App. 19; *Underwood* v. *State,* 29 S. W. 777; *White* v. *State,* 66 S. W. 773; Bishop on Statutory Crimes, 3d Ed., sec. 791; *Williams* v. *State,* 61 Ga. 417; *Fielding* v. *State,* 33 So. 677. We submit that the court should have granted the refused in- structions requested by appellant and should have sub- mitted to the jury for decision the question, which is purely one of fact, as to whether or not the object in question had forever lost its characteristics as a pistol

and had become incapable of ever being discharged again. And we submit, further, that, in the event the jury decided this question affirmatively, then, under the law, this object was not a "pistol," but a mere piece of scrap iron, the carrying of which, openly or concealed, is no violation of the law. It was, therefore, fatal error for the trial court to refuse the instructions asked by appellant.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

In the case of *Mitchell* v. *State,* 55 So. 354, 99 Miss. 579, it was held that a pistol that had neither hammer nor main-spring was a pistol within the meaning of the statute, and that the fact that a pistol was temporarily out of repair or was in such condition temporarily as it could not be discharged was a violation of the statute. And in the case of *Bollis* v. *State,* 73 Miss. 57, it was held that an unloaded pistol was prohibited from being carried concealed.

In the case of *Hutcheson* v. *State,* 62 Ala. 3; 34 American Reports 1, it was held that carrying the several parts of a pistol disconnected but which could be placed together again for use was prohibited within the statute of Alabama prohibiting the carrying of concealed weapons.

In the case of *Williams* v. *State,* 61 Ga. 417; 34 American Reports 102, it was held in a well reasoned case that a pistol remained a pistol notwithstanding it was temporarily out of repair so as to be incapable of being discharged or used in the ordinary manner; and to the same effect is the case of *Atwood* v. *State,* 53 Ala. 508.

It will be seen by reference to our statute on the subject that the statute prohibits the carrying of a number of weapons including pistols, dirks, sword canes and brass and metallic knuckles, and it is clear that the statute intended to prohibit these weapons being carried concealed without reference to the condition of the

weapon because a pistol might be used very effectively in combat to overcome an antagonist even though it was incapable of being fired at all, and it would certainly be as effective in combat as a pair of brass or metallic knucks and a person could readily take advantage of an opponent in combat and overcome him and inflict great personal injury upon him, or death, with such pistol without reference to whether it could be fired or not.

REED, J., delivered the opinion of the court.

Will Burnside was convicted for carrying a concealed weapon. The agreed statement of facts in the record, after showing that appellant found the pistol, offered in evidence and sent up with this appeal as Exhibit A, on the date named in the indictment, and placed the same in his belt, sets forth the following: "That at the time the said pistol was so carried it could be neither loaded, unloaded, nor fired, but was filled with dirt, was rusty, and could not be made to open, to work, or to cock. That said pistol was in substantially the same condition at the time it was so carried as it is now. That the same was not loaded at the time, had never been loaded by defendant, and was thrown away by defendant on the same day that it was found by him as stated above, and a few minutes after it was carried by defendant, and that later defendant's father went and recovered said pistol, to be used in evidence in the circuit court, finding same in the place where defendant had cast it away and delivering said pistol to defendant's attorneys, in whose hands it remained up to the time of the said trial in said circuit court. That defendant is sixteen years of age. That the said pistol, Exhibit A, was offered in evidence to the jury, was admitted and was considered by the jury in reaching their verdict."

Is the object, Exhibit A, now before us, a pistol? It is shown that it could not be loaded, unloaded, or fired; that it was rusty, could not be made to open, to work, to

cock, and was filled with dirt. From the description in the record, and from an inspection of the object, we conclude that it cannot now be called a pistol. It may have been at one time a pistol. It is possible to take the material contained in the thing, and, with addition of other materials, construct therefrom a pistol; but, because this is possible, we cannot see how it can be decided that the thing is now a pistol. It was decided in the case of *Mitchell* v. *State,* 99 Miss. 579, 55 South. 354, 34 L. R. A. (N. S.) 1174, that an object once a pistol does not cease to be one by becoming temporarily inefficient. In this case the object once a pistol is not temporarily inefficient, but it is permanently inefficient. Except the general outline appearance which indicates that it was once in use as a pistol, the object before us has none of the general characteristics of a pistol, and, in our opinion, has ceased to be such weapon.

*The case is reversed, and defendant is discharged.*