943 So.2d 106 (2006)
Sean Terrell WHEELER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-KA-02260-COA.
Court of Appeals of Mississippi.
November 21, 2006.
*107 David L. Walker, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
BEFORE KING, C.J., CHANDLER AND ROBERTS, JJ.
KING, C.J., for the Court.
¶ 1. Sean Terrell Wheeler was convicted by a Panola County Circuit Court jury of aggravated assault and sentenced to serve a term of fifteen years in prison. Wheeler raises the following issue on appeal.
Whether the trial court erred in overruling Appellant's hearsay objection.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On March 5, 2005, several Lester Street Apartment residents were outside visiting and talking with neighbors. Shemekia Birks was sitting in her car talking to her brother, Kenya Birks, who was standing near the driver's side door. Wheeler, who emerged from behind one of the apartment buildings with a gun in his hand, approached Kenya, saying, "What's up now m____ f____. I told you I was going to get you." Kenya attempted to flee by foot, but one of the several bullets Wheeler fired struck him in the back. Kenya was rushed to the hospital where he spent the next twenty-five days in recovery. At the time of trial, he was still under medical care, awaiting another surgery.
¶ 4. Wheeler was indicted for aggravated assault on April 14, 2005. His trial commenced on November 11, 2005. The State called ten witnesses, seven of whom were eyewitnesses to the shooting. Wheeler testified, claiming that he had not shot Kenya. The jury deliberated for twenty minutes before returning a verdict of guilt.

ANALYSIS

Whether the trial court erred in overruling Appellant's hearsay objection.
¶ 5. The standard of review for issues of admissibility of evidence is abuse of discretion. Ellis v. State, 934 So.2d 1000, 1004(¶ 17) (Miss.2006). This Court will not order a reversal based on a ruling which allowed or excluded evidence unless a substantial right of the defendant was affected by the ruling. Smith v. State, 925 So.2d 825, 835(¶ 26) (Miss.2006) (citing M.R.E. 103(a)).
¶ 6. Mashunda Hankins, a Lester Street Apartment resident, was asked on the witness stand to describe how she came to witness the shooting. She testified that on the afternoon of March 5, 2005, she was outside talking to her friend, Teresa Collins, as the two were sitting in Collins' car. Hankins noticed Wheeler in a neighbor's apartment walking to the door several times peering out toward Kenya's apartment. Hankins testified that she wondered aloud what Wheeler was doing at *108 the apartment complex because he and Kenya had argued a few days prior. She and Collins continued their conversation, until Collins exclaimed that Wheeler had a gun. At that point, Collins jumped out of the car and ran inside Hankins' apartment for shelter, but Hankins jumped out and ducked near the car. Hankins went on to testify that she witnessed Wheeler approach Kenya, curse him, and shoot several times.
¶ 7. Defense counsel made a timely hearsay objection when Hankins testified that Collins said Wheeler had a gun. The court overruled the objection. Wheeler now argues, as he did in his motion for a new trial, that the trial court erred in allowing the hearsay statement, thereby depriving him of a fair trial as guaranteed by Article 3, Section 26 of the Mississippi Constitution of 1890.
¶ 8. Mississippi Rules of Evidence Rule 803 provides that certain out-of-court statements will not be excluded as hearsay regardless of whether the declarant is available to testify. The present sense impression exception provides that an out-of-court statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter" will not be excluded by the hearsay rule. M.R.E. 803(1). The excited utterance exception provides that an out-of-court statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" will also not be excluded by the hearsay rule. M.R.E. 803(2).
¶ 9. Immediately after Collins told Hankins that Wheeler had a gun, she jumped out of the car and ran for shelter. Clearly, Collins statement was both an excited utterance and a present sense impression. Accordingly, they were properly admitted by the trial court. Furthermore, Wheeler was given the opportunity to cross-examine Collins, who testified directly after Hankins and gave the same account. This issue is without merit.
¶ 10. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.