958 So.2d 1233 (2006)
Ronnie WARD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00656-COA.
Court of Appeals of Mississippi.
December 5, 2006.
Rehearing Denied April 10, 2007.
*1234 Alsee McDaniel, Indianola, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before KING, C.J., SOUTHWICK and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. A Sunflower County jury convicted Ronnie Ward of possession of marihuana in an amount greater than one ounce but less than a kilogram, while possessing a firearm. The Sunflower County Circuit Court sentenced him to a term of six years in the custody of the Mississippi Department of Corrections and ordered him to pay a fine of $6,000.
¶ 2. Ward appeals and challenges the legality and execution of the search warrant and the refusal of the trial court to admit certain evidence. Ward also asserts that the trial court erred in giving certain jury instructions.
¶ 3. We find no error; therefore, we affirm Ward's conviction and sentence.

FACTS
¶ 4. On January 5, 2004, law enforcement officials, acting on street information and using a confidential informant, arranged a purchase of marihuana from Ward. Sometime during the early part of the following day, the officials presented information regarding the confidential buy, along with other information, to a justice court judge and obtained a search warrant for Ward's residence. After getting the warrant, agents of the Central Delta Drug Task Force (CDDTF) and other law enforcement officials executed the warrant around 8:45 p.m. while Ward was at home preparing to have dinner with his wife and child. The search uncovered marihuana, scales, baggies, scissors, and a plate with marihuana residue. The officers also found marihuana cigarettes ("roaches") in a jacket owned by Ward. Additionally, the search revealed numerous guns, two of which were found in the same room as the marihuana. The scales, baggies, scissors, and plate were never sent to the Mississippi Crime Lab for testing; however, the *1235 residue collected from the plate and the marihuana were sent to the lab one month after the search. Ward was arrested and convicted of possession of marihuana in an amount greater than one ounce but less than a kilogram, while possessing a firearm.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Issuance and Execution of Search Warrant
¶ 5. In this issue, Ward argues that the affidavit standing alone does not support a finding that probable cause existed for the issuance of a search warrant for his home. He relies on State v. Woods, 866 So.2d 422, 424(¶ 3) (Miss.2003), in support of his argument. He further argues that the State's failure to offer any corroborating evidence to show that its confidential informant is reliable and truthful violated his constitutional rights under Article 3, Section 23 of the Mississippi Constitution.[1] We look to the relevant case law.
¶ 6. In Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court established the totality of the circumstances approach as the standard for determining whether probable cause exists for the issuance of a search warrant based on information provided by an informant:
For all these reasons, we conclude that it is wiser to abandon the "two-pronged test" established by our decisions in Aguilar and Spinelli. In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations. . . . The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed. . . . We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach that has developed from Aguilar and Spinelli.

¶ 7. In Lee v. State, 435 So.2d 674, 676 (Miss.1983), the Mississippi Supreme Court, without explicitly adopting the totality of the circumstances test promulgated in Gates, applied it and found that probable cause existed for the issuance of a search warrant. The court found that the judge who issued the warrant was justified in doing so based on the fact that the confidential informant had given reliable information in the past, the informant's information was based on personal knowledge, and the law enforcement officers corroborated the information provided by the informant. Id. at 676-77.
¶ 8. Two years later, in Jones v. State, 481 So.2d 798, 800 (Miss.1985), the Mississippi Supreme Court explicitly stated that, in Lee, it adopted the "totality of the circumstances" test enunciated in Gates. The court also held that, based on Gates and Lee, it was no longer necessary for the police officers to determine through *1236 independent corroboration the accuracy of the informant's information. Id. Therefore, it is well-settled law in this state that judges apply a "totality of the circumstances" test in making probable cause determinations for the issuance of search warrants. "[W]e look `both to the facts and circumstances set forth in the affidavit for the search warrant as well [as] the sworn oral testimony presented to the issuing magistrate.'" Woods, 866 So.2d at 426(¶ 12) (quoting Petti v. State, 666 So.2d 754, 758 (Miss.1995)).
¶ 9. We now turn to the facts undergirding the issuance of the search warrant in the case before us. The record is devoid of a statement of the underlying facts and circumstances.[2] Appellate counsel failed to ensure that the record was supplemented with the statement, even after we allowed a tardy supplementation of the record. Therefore, we are unable to review Ward's argument regarding the adequacy of the affidavit supporting the application for search warrant. It is the responsibility of the appellant to furnish the court with a record which is adequate to review the issues presented. Williams v. State, 522 So.2d 201, 209 (Miss.1988).
¶ 10. The procedural bar notwithstanding and assuming we were to accept the statement of underlying facts and circumstances contained in Ward's reply brief, we would find no merit to this issue. The relevant portion of the statement in Ward's reply brief is as follows:
Affiant, being a duly sworn officer of the State of Mississippi, states the following: On January 5, 2004, Affiant was contacted by a confidential reliable source from the Indianola area located in Sunflower County, Mississippi. Said confidential source provided Affiant with information that a black male subject known to said source as Ronnie Ward was dealing a quantity of marijuana from his residence. This residence being located at 413 Lincoln Street, Indianola, Sunflower County, Mississippi. This information has been able to be verified by agents of the Central Delta Drug Task Force. Agents, along with confidential source # 539 made a controlled purchase of alleged marijuana from the residence located at 413 Lincoln Street, Indianola, Sunflower County, Mississippi.
* * * *
Based on information from investigations conducted by the Central Delta Drug Task Force this residence is a distribution point for persons to come and purchase quantities of marijuana.
¶ 11. The controlled buy took place on January 5, and the application for the search warrant was made on January 6. Agent Kori Hamilton of CDDTF submitted the application for the search warrant. When the application was submitted, Agent Hamilton had verified via a controlled buy that marihuana was being sold out of Ward's residence. Hamilton testified that the CDDTF had had the home under surveillance for quite some time and had observed individuals coming and going *1237 from the home, although he did not testify as to the times of day or night this occurred.
¶ 12. The search warrant, which was issued by former Circuit Judge Howard Q. Davis, states, among other things, that "[t]his court having examined and considered said affidavit, and also having heard and considered evidence in support thereof from the affiants named therein does find that probable cause for the issuance of a search warrant does exist." (emphasis added). We note that counsel for Ward never questioned Agent Hamilton regarding any additional information that Agent Hamilton may have given Judge Davis when Agent Hamilton made application for the warrant.
¶ 13. Ward argues that there was "no corroborating evidence to show that the informant was truthful and reliable" or that the controlled buy was in fact made. As reflected in the underlying statement, Agent Hamilton swore that the buy took place and that a confidential reliable source was utilized. Ward offered no evidence to the trial court, and points this Court to none, which would tend to prove that Hamilton's affidavit was false. Additionally, we are not privy to what additional information Hamilton may have provided Judge Davis, as counsel for Ward did not elicit such information. Therefore, we find no merit to this issue.
2. Refusal of Evidence
¶ 14. In this issue, Ward argues that the trial court erred in not allowing certain evidence which was relevant to his assertion that he was entrapped. Specifically, Ward argues that he should have been allowed to offer evidence regarding past misconduct of the CDDTF in handling drug seizures and evidence regarding the CDDTF's motivation for investigating him. At trial, Ward testified that the marihuana which was found in his home was not there before the CDDTF agents searched the house. Ward therefore contends he was entrapped. As we explain below, entrapment is not planting evidence, which is what Ward contends really happened.
¶ 15. "Entrapment is an affirmative defense. The defendant must go forward with the proof to establish this defense, and if he does so, the state has the burden of proof on that issue." Tribbett v. State, 394 So.2d 878, 881 (Miss.1981). In Moore v. State, 534 So.2d 557, 558 (Miss. 1988), the Mississippi Supreme Court stated: "The usual entrapment case which arises under Mississippi law involves a confidential informant or police officer who originates the sale of contraband by supplying it to the accused, who then, acting in complicity with the confidential informant or police officer, sells or disposes of it to another officer or person who initiates the prosecution." The facts in this case do not meet the typical situation in which entrapment arises. In Moore, the court discussed State v. Talbot, 71 N.J. 160, 364 A.2d 9 (1976) in which the New Jersey Supreme Court observed that, "to have entrapment as a matter of law, the prosecution must not only provide the illegal contraband, but also arrange the subsequent sale of the contraband by the defendant to another agent of the state." Moore, 534 So.2d at 558.
¶ 16. Ward does not contend that he sold any marihuana, nor does he admit that he possessed any. Therefore, we cannot accept his argument that he was entrapped. Ward was not indicted for the marihuana which he sold to the confidential informant, and as we understand his argument, he does not contend that he was entrapped as to that sale. Rather, Ward is alleging that the marihuana supporting his possession conviction was planted in his *1238 home. To support his argument, Ward points out that he and his wife were removed to a different part of the house. He also offers the officers' testimony that it was "possible" that they were alone together in the room where the marihuana was found. Agent Hamilton also testified that they did not plant the marihuana in Ward's bedroom. This issue is without merit.
3. Jury Instructions
¶ 17. In his final issue, Ward argues that the trial court erred in giving jury instructions regarding the enhanced penalty for possession of marihuana while in possession of a firearm.
¶ 18. In Pool v. State, 483 So.2d 331, 336 (Miss.1986) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)), the Mississippi Supreme Court held that "[t]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Ward admitted to owning the firearms, and there is nothing in the record to dispute that he intentionally and consciously possessed the firearms. However, Ward relies on the fact that the firearms were antiques, were inoperable, and were unloaded as the basis for his argument. Mississippi Code Annotated section 41-29-152(1) (Supp.2000), provides:
Any person who violates Section 41-29-313 or who violates Section 41-29-139 with reference to a controlled substance listed in Schedule I, II, III, IV or V as set out in Sections 41-29-113 through XX-XX-XXX, Mississippi Code of 1972, inclusive, and has in his possession any firearm, either at the time of the commission of the offense or at the time any arrest is made, may be punished by a fine up to twice that authorized by Section 41-29-139 or XX-XX-XXX, or by a term of imprisonment or confinement up to twice that authorized by Section 41-29-139 or XX-XX-XXX, or both.
¶ 19. Ward also relies on language in United States v. Eastland, 989 F.2d 760, 770 (5th Cir.1993): "Weapon possession is established if the government proves by a preponderance of the evidence `that a temporal and spatial relation existed between the weapons, the drug trafficking activity, and the defendant.'" Ward argues that there was no "temporal or spatial relation" between the firearms in his possession and his alleged drug activity.
¶ 20. In Eastland, Tom Wilkinson Eastland and Cullen Reed Harris were charged with conspiracy to manufacture more than 1000 grams of methamphetamine. Id. at 764. As part of the investigation which led to the charges, law enforcement officials found twelve firearms at Eastland's home. Id. at 763. They also found four firearms in a trailer on property owned by Harris. Id. at 770. Eastland and Harris argued on appeal, among other things, that the trial court erred in allowing an enhancement of their sentence because of possession of the weapons. Id. at 769. In rejecting their argument, the court quoted approvingly from the comment to the enhancement statute at issue that "the enhancement factor `reflects the increased danger of violence when drug traffickers possess weapons,' and should be applied `if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.'" Id. at 770. The court, quoting United States v. Hooten, 942 F.2d 878, 882 (5th Cir.1991), stated that "`[g]enerally the government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred.'" Eastland, 989 F.2d at 770.
*1239 ¶ 21. In our case, two of the firearms were found in the same room where the marihuana was found. Additionally, some marihuana cigarettes were found in the pocket of a jacket owned by Ward. There also was drug paraphernalia found in the room where the guns were found. This evidence is sufficient to show a nexus between the drug activity and the firearms.
¶ 22. Ward next argues that he should not be subject to the enhanced penalty because some of the firearms needed to be oiled and all of the firearms needed to be loaded before they would fire. The fact that the firearms were unloaded and may have needed oiling does not preclude Ward from receiving an enhanced sentence under Mississippi Code Annotated section 41-29-152(2) (Supp.2000) if he possessed the firearms. The statute makes no such distinction. Section 41-29-152(2) defines a firearm as "any weapon, including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." Ward offered no proof that the firearms were not designed to expel a projectile by the action of an explosive or that they could not be readily converted to do so. The firearms were found in the room where the marihuana was found. Clearly, Ward had at least constructive possession of the firearms at the same time of his possession of the marihuana, notwithstanding his arguments to the contrary.
¶ 23. This Court has held that "constructive possession may be shown by establishing that the drug involved was subject due [sic] to [appellant's] dominion or control." Thompson v. State, 800 So.2d 1249, 1252(¶ 11) (Miss.Ct.App.2001) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)). Proximity is usually an essential element, but a conviction requires other incriminating circumstances. Id.
¶ 24. As stated above, the firearms, marihuana, and other paraphernalia related to drug dealing were seized from Ward's home. It has long been established in Mississippi that "one who is the owner in possession of the premises . . . is presumed to be in constructive possession of the articles found in or on the property possessed." Hamburg v. State, 248 So.2d 430, 432 (Miss.1971). However, this presumption is rebuttable, and Ward offered no credible evidence to rebut the presumption. Agents Hamilton and Jerry Hawkins and officer Edrick Hall all testified that two of the guns were found under a bed in the same room in which the marihuana was discovered. Thus, we find no basis for concluding that the jury should not have been instructed on the enhancement statute.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY OF CONVICTION OF POSSESSION OF MORE THAN ONE OUNCE BUT LESS THAN ONE KILOGRAM OF MARIHUANA, WHILE IN POSSESSION OF A FIREARM, AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $6,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Article 3, Section 23 provides, "The people shall be secure in their persons, houses, and possessions from unreasonable seizure or search and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized."
[2] A copy of the "underlying facts and circumstances" which was submitted to the issuing judge was not included in the initial record submitted in this appeal. Therefore, we granted Ward's motion to supplement the record to include it. We received the supplementation, but it does not contain a copy of the statement of underlying facts and circumstances which was attached to the affidavit for the search warrant. However, in Ward's reply brief, he attached a copy of a document entitled "Underlying Facts and Circumstances." The top of the document contains a notation that it was faxed from the Washington County District Attorney's Office on July 7, 2006. Documents included in briefs are not part of the record.