KING, C.J.,
 

 for the Court.
 

 ¶ 1. Jerry Cooley, Jr., was convicted of possession of a firearm by a convicted felon. The Wayne County Circuit Court sentenced Cooley to serve three years in the custody of the Mississippi Department of Corrections (MDOC) and ordered Cooley to pay a fine in the amount of $2,000. Cooley filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a motion for a new trial. The trial court denied the motion. Aggrieved, Cooley appeals, raising the following two issues:
 

 I. Whether the trial court erred by allowing the shotgun into evidence; and
 

 II. Whether the trial court erred by denying Cooley’s motion for a directed verdict.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. At approximately midnight on September 8, 2006, Michael Risen was awakened by his barking dogs. Risen looked outside to see what startled the dogs and saw an unfamiliar vehicle parked behind his truck. Then, Risen noticed an unfamiliar man walking around the back of his truck. Risen opened the front door and let one of the dogs out; the dog chased the man back to his vehicle. Risen took this opportunity to call the sheriffs department for assistance. He also grabbed his shotgun and went outside to confront the man.
 

 ¶ 3. When Risen confronted the man, he attempted to explain why he was on Risen’s property; Risen noticed that the man was intoxicated. While Risen was questioning the man, he attempted to leave in his vehicle. Risen opened the man’s car door and saw him reaching underneath the car seat. Then, Risen saw the butt of a shotgun underneath the car seat. Upon seeing the shotgun, Risen grabbed it and threw it into a ditch. The man got out of the car and attempted to leave on foot.
 

 ¶ 4. Eventually, Wayne County Deputy Russell Douglass arrived. He apprehended the suspect, and the man was iden
 
 *65
 
 tified as Cooley. Risen informed Deputy Douglass about the incident and showed him the shotgun that he tossed into the ditch. Deputy Douglass retrieved the shotgun from the ditch, which was adorned with duct tape and a red bandana. The shotgun was also broken into two pieces. Deputy Douglass testified that he locked the shotgun in his trunk, took Cooley to the police station, and placed him in a holding cell.
 

 ¶ 5. Deputy Douglass testified that the shotgun remained in his trunk until he turned it over to the sheriff at 10:07 a.m., shortly after the sheriff arrived at work. Before Deputy Douglass placed the shotgun into the evidence locker, he put the shotgun back together in one piece to make it easier to store.
 

 ¶ 6. Kevin Stevens, with the Wayne County Sheriffs Department, was assigned to Cooley’s case. Stevens testified that he had known Cooley since 1993 and was aware of Cooley’s criminal record, including Cooley’s two prior felony convictions. Stevens also testified that Cooley waived his rights and gave Stevens a statement, which he videotaped. In this statement, Cooley told Stevens that the shotgun belonged to him, and he used it to shoot wild dogs. The videotape was admitted into evidence without any objection.
 

 ¶ 7. On June 19, 2007, Cooley was convicted of possession of a firearm by a convicted felon. The trial court sentenced Cooley to serve three years in the custody of the MDOC and ordered Cooley to pay a fine in the amount of $2,000. Cooley filed a motion for a JNOY or, in the alternative, a motion for a new trial, which the trial court denied. Aggrieved, Cooley timely filed this appeal.
 

 ANALYSIS
 

 I. Whether the trial court erred by allowing the shotgun into evidence.
 

 ¶ 8. Cooley argues that the trial court erred by allowing the shotgun into evidence for two reasons. First, Cooley contends that the State failed to establish a proper chain of custody. Second, Cooley argues that the shotgun was not presented in the same manner in which it was found at the scene of the incident, which is evidence that the shotgun had been tampered with.
 

 ¶ 9. This Court reviews issues regarding the admission or exclusion of evidence under an abuse of discretion standard.
 
 Wheeler v. State,
 
 943 So.2d 106, 107(5) (Miss.Ct.App.2006) (citing
 
 Ellis v. State,
 
 934 So.2d 1000, 1004(17) (Miss.2006)). Whether the State properly established the chain of custody is determined within the trial court’s sound discretion.
 
 Bruce v. State,
 
 746 So.2d 901, 911(54) (Miss.Ct.App.1998) (citing
 
 Nixon v. State,
 
 336 So.2d 742, 744 (Miss.1976)). This Court will not disturb the trial court’s ruling absent a finding that the trial court abused its discretion.
 
 Id.
 

 ¶ 10. Based upon our review of the record, we find that the State presented sufficient evidence to establish a proper chain of custody. Cooley argues that the State should have to account for every person who handled the evidence. However, “the [supreme] court has never required a production of every person who handled the object or an accounting of every moment in order to establish proper chain of custody.”
 
 Steen v. State,
 
 873 So.2d 155, 159(11) (Miss.Ct.App.2004) (citing
 
 Butler v. State,
 
 592 So.2d 983, 985 (Miss.1991)). The State presented evidence that the shotgun was locked in Deputy Douglass’s trunk until he turned it over to the sheriff, and the shotgun was then placed in the evidence locker. Deputy Douglass testified that the shotgun remained in the evidence locker until Ste
 
 *66
 
 vens brought it to court on the morning of the trial. We find that this evidence is sufficient to establish the chain of custody.
 

 ¶ 11. Cooley argues that the shotgun was not presented in the same manner in which it was found at the scene of the incident, suggesting that the shotgun had been tampered with. When reviewing questions regarding the chain of custody, the reviewing court should determine whether there is any positive indication of tampering with or substitution of the evidence.
 
 Steen,
 
 873 So.2d at 159(11) (citing
 
 Thomas v. State,
 
 828 So.2d 1270, 1272(7) (Miss.Ct.App.2002)). If there is evidence of tampering or substitution, “then the proof is insufficient to support a finding that the matter in question is what it purports to be.”
 
 Id.
 
 (citing
 
 Butler,
 
 592 So.2d at 985). During the trial, Deputy Douglass positively identified the shotgun as the same shotgun that he had retrieved from the ditch. He testified that he found the shotgun in two pieces. However, he fixed the shotgun, putting it back together in one piece because that made it easier to store in the evidence locker. Based on this testimony, we find that the shotgun admitted into evidence is what the State purported it to be-the same shotgun that Deputy Douglass found at the scene of the incident. Cooley fails to present any evidence contradicting the authenticity of the shotgun. Thus, we find that Cooley’s argument is without merit.2
 

 II. Whether the trial court erred by denying Cooley’s motion for a directed verdict.
 

 ¶ 12. Cooley argues that the trial court erred by denying his motion for a directed verdict because the State did not prove that the shotgun was an operable firearm. We find that Cooley’s argument is without merit.
 

 ¶ 13. Mississippi Code Annotated section 97-37-5(1) (Supp.2008) provides in pertinent part that:
 

 It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm ....
 

 In order to prove the crime of possession of a firearm by a convicted felon, the State must simply prove two things: (1) the defendant was in possession of a firearm, and (2) the defendant had been convicted of a felony crime.
 
 Short v. State,
 
 929 So.2d 420, 427(21) (Miss.Ct.App.2006) (citing Miss.Code Ann. § 97-37-5(1) (Rev. 2000)).
 

 ¶ 14. In support of his argument, Cooley cites
 
 Burnside v. State,
 
 105 Miss. 408, 62 So. 420 (1913). In
 
 Burnside,
 
 the defendant was convicted of carrying a concealed weapon.
 
 Id.
 
 at 412, 62 So. at 420. The evidence showed “[t]hat at the time the said pistol was so carried it could be neither loaded, unloaded, nor fired, but was filled with dirt, was rusty, and could not be made to open, to work, or to cock.”
 
 Id.
 
 Based on this description of the pistol, the supreme court reversed and rendered the defendant’s conviction, finding that the alleged weapon could not be called a pistol because it was “permanently inefficient” and lacked “the general characteristics of a pistol.”
 
 Id.
 
 at 413, 62 So. at 420. However, we find that Cooley’s case is dissimilar to
 
 Burnside.
 
 Instead, we find that Cooley’s case is more analogous to
 
 Ward v. State,
 
 958 So.2d 1233 (Miss.Ct.App.2006).
 

 ¶ 15. In
 
 Ward,
 
 the defendant challenged his conviction of possession of marijuana while possessing a firearm and argued that the guns were not operable at the time that they were found in his home.
 
 Id.
 
 at 1239(22). This Court found that: (1) the statute made no such distinction, and (2) the defendant failed to provide evi
 
 *67
 
 dence “that the firearms were not designed to expel a projectile by the action of an explosive or that they could not be readily converted to do so.”
 
 Id.
 
 (citing Miss.Code. Ann. § 41-29-152(2) (Supp. 2000)). Thus, this Court found that the defendant’s argument was without merit.
 

 ¶ 16. We find that the trial court did not err by denying Cooley’s motion for a directed verdict. First, there is a drastic difference between the condition of Burnside’s pistol and the condition of Cooley’s shotgun. Second, Cooley presents no evidence that the shotgun was inoperable. In fact, in his statement to Stevens, Cooley said that he used the shotgun to shoot wild dogs. It is doubtful that Cooley carried an inoperable weapon to defend himself against wild dogs. So, by his own admission, Cooley stated that the shotgun worked. Last, and most importantly, section 97-37-5(1) does not provide that the State must prove that the weapon is operable. Thus, we find that Cooley’s argument on this point is wholly without merit.
 

 CONCLUSION
 

 ¶ 17. We find that the trial court did not err by allowing the shotgun into evidence because the State established the chain of custody, and the evidence showed that the shotgun admitted into evidence was the same weapon retrieved from the scene of the crime. We also find that the trial court did not err by denying Cooley’s motion for a directed verdict because whether the shotgun is operable is not an element of the offense. For these reasons, we affirm Cooley’s conviction and sentence.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A FINE OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.