ROBERTS, J.,
for the Court:
¶ 1. On July 29, 2010, Amir Young was convicted by a jury in the Circuit Court of Hinds County of armed robbery and possession of a firearm by a convicted felon. Young was sentenced to serve thirty years on Count I for the armed-robbery conviction and ten years on Count II for the possession of a firearm by a convicted felon conviction with the sentence in Count II to run concurrently with the sentence in *686 Count I, all in the custody of the Mississippi Department of Corrections (MDOC), as a habitual offender, without eligibility for parole or probation. Young filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The circuit court denied Young’s post-trial motion. Feeling aggrieved, Young now appeals.
FACTS
¶ 2. On December 7, 2009, a black man wearing a dark hooded sweatshirt, a black bandana over his face, and brandishing a gun entered Manufacturers Carpet Outlet (MCO) on Highway 80 in Jackson, Mississippi. The man, who was later identified as Young, grabbed a female customer but immediately let go of her when Richard Flenker, a MCO employee, intervened. Instead, Young grabbed Flenker and forced him to go to MCO’s business office to retrieve money. Flenker told Young there was no money in the office and gave Young his wallet instead. Young then fled the building with Flenker following thirty to forty feet behind him on foot. Flenker testified that he saw Young jump a fence and get into a creek bed. Young then jumped another fence and entered a neighboring business that houses Porta-Potties (portable toilets). Flenker saw one of the doors of the Porta-Potties slam, so he waited for Young to exit. While waiting, James Phillips, an employee of Commercial Flooring, which is located in the same building as MCO, arrived and waited there with Flenker. Young then exited one of the Porta-Potties and ran across the street into an auto repair shop that is fenced on four sides by an eight-to-ten-foot chain-link fence with razor wire on the top. Because of the fencing, Flenker and Phillips were able to corner Young, who was no longer wearing a mask but still holding a gun. Flenker also saw that the gun was now missing its chamber. Young threw Flenker his wallet back and jumped a portion of the fence onto Gault Street. Phillips and an officer with the Jackson Police Department continued to pursue Young and saw Young take the gun apart and throw the cylinder and then the rest of the gun over the fence. The cylinder was never recovered. The remainder of the gun was found and entered into evidence. Flenker identified Young from a photographic lineup and identified Young on the day of trial as the man that had robbed him.
¶ 3. At the conclusion of the trial, the jury unanimously found Young guilty of armed robbery and guilty of possession of a firearm by a convicted felon. At a hearing held on August 5, 2010, the circuit court clarified Young’s sentence. Young was sentenced to serve twenty years in the custody of the MDOC for his armed robbery conviction. He was indicted as a habitual offender and also indicted pursuant to Mississippi Code Annotated section 97-37-37(2) (Supp.2011). Section 97-37-37(2) provides for the imposition of an additional term of ten years in the custody of the MDOC for “any convicted felon who uses or displays a firearm during the commission of any felony....” Id. Young was sentenced to an addition ten years pursuant to that section to run consecutively to the twenty years imposed on the armed-robbery conviction. Therefore, Young was sentenced to serve a total of thirty years for the armed-robbery conviction. Young was then sentenced to serve ten years in the custody of the MDOC for his conviction of possession of a firearm by a convicted felon. This sentence was ordered to run concurrently to the thirty-year armed-robbery sentence. After trial, Young filed a motion for a JNOV or, in the alternative, for a new trial. The circuit court denied the post-trial motion. Young now appeals, raising the sole issue of whether there was *687 sufficient evidence to support Young’s convictions of armed robbery and possession of a firearm by a convicted felon.
STANDARD OF REVIEW
¶ 4. In Conner v. State, 26 So.3d 388, 387 (¶¶9-10) (Miss.Ct.App.2009), this Court said:
When reviewing a challenge to the sufficiency of the evidence, this Court will reverse and render only if the facts and inferences point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty. The evidence will be deemed sufficient if having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense. Thus, the relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This Court considers the evidence in the light most favorable to the State. The State also receives the benefit of all favorable inferences that may reasonably be drawn from the evidence.
(Internal citations omitted).
DISCUSSION
¶ 5. To bolster his contention that there was insufficient evidence to support his conviction, Young asserts that the object or gun-like object introduced at trial was not a deadly weapon for purposes of the elements of armed robbery.
¶ 6. The essential elements of armed robbery are “(1) a felonious taking or attempt to take, (2) from the person or from the presence, (3) the personal property of another, (4) against his will, (5) by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon.” Gladney v. State, 963 So.2d 1217, 1221 (¶ 12) (Miss.Ct.App.2007) (quoting Bush v. State, 895 So.2d 836, 843 (¶15) (Miss.2005)). These are the same elements of the crime found in Mississippi Code Annotated 97-3-79 (Rev.2006).
¶ 7. In this case, there was testimony the gun was complete at the time of the robbery. Further, there is no requirement that the “deadly weapon” be introduced at trial. See Clayton v. State, 946 So.2d 796 (Miss.Ct.App.2006). In Clayton, this Court found the testimony of one witness “was sufficient to establish the element of exhibition of a deadly weapon[.]” Id. at 805 (¶ 29) (citing Collins v. State, 817 So.2d 644, 658 (¶¶ 44-46) (Miss.Ct.App.2002)). Also, the Mississippi Supreme Court has held: “A pistol has ... been judicially declared to be a ‘deadly weapon’ without proof that it is loaded or presently capable of committing a violent injury.” Davis v. State, 530 So.2d 694, 702 (Miss.1988).
¶ 8. Therefore, Young’s assertion there was insufficient evidence to show the gun was a “deadly weapon” is without merit.
¶ 9. Young then questions whether there was proof of fear as is statutorily required. In this case, Flenker testified he was “scared” because “there was a gun” and “a man with a mask [was] trying to rob this place.” This Court had stated: “The fear element does not require the victim to be frightened or terrified, but [it] is fulfilled if the victim expects or anticipates that personal injury may result if he does not follow the assailant’s instructions made while threatening the use of a deadly weapon.” Evans v. State, 957 So.2d 430, 436 (¶ 19) (Miss.Ct.App.2007) (citing Harper v. State, 434 So.2d 1367, 1368 (Miss.1983)). This issue is without merit.
¶ 10. Young argues there was insufficient evidence to support his convic *688 tion of a convicted felon in possession of a firearm. To prove possession of a firearm by a convicted felon, the State must prove two things: (1) the person was in possession of a firearm, and (2) the person had been convicted of a felony crime. Cooley v. State, 14 So.3d 63, 66 (¶ 13) (Miss.Ct. App.2008) (citing Short v. State, 929 So.2d 420, 427 (¶ 21) (Miss.Ct.App.2006)). As previous noted, this Court has already discussed whether the object was a firearm. Mississippi Code Annotated section 97-37-5(1) (Supp.2011) does not require that the gun be operable. See Cooley, 14 So.3d at 67 (¶ 16). Therefore there is no dispute that the State satisfied prong one of the test. In regard to prong two, there is no dispute that Young is a convicted felon; thus, prong two has also been proven. Therefore, this issue is without merit.
¶ 11. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, ARMED ROBBERY, AND SENTENCE OF THIRTY YEARS AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF TEN YEARS TO RUN CONCURRENTLY WITH THE SENTENCE IN COUNT I, ALL AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. MYERS, J., NOT PARTICIPATING.