RUSSELL, J.,
for the Court:
¶ 1. Thomas Austin appeals the Lowndes County Circuit Court’s denial of his motion for a judgment notwithstanding the verdict (JNOV) or a new trial. He argues the circuit court erred in finding that the evidence was sufficient to support his conviction of felon in possession of a weapon under Mississippi Code Annotated section 97-37-5 (Supp.2011). Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On July 30, 2009, Austin was indicted on three counts of possession of a weapon by a convicted felon and four counts of armed robbery. Counts III through VII were retired to the file in accordance with the recommendation of the State.
¶ 3. On May 26, 2010, the jury found Austin guilty of Count I, felon in possession of a Benelli 12-gauge shotgun, and the circuit court sentenced him as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007) to ten years in the custody of the Mississippi Department of Corrections (MDOC).[1] The jury was unable to reach a unanimous verdict as to Count II, felon in possession of a .45-caliber handgun. On February 22, 2011, Austin was retried and found guilty of Count II. He was sentenced to serve ten years in the custody of the MDOC, with the sentence on Count II to run consecutively with his sentence on Count I.
*688 ¶ 4. On March 12, 2009, Officer Lance Luckey, the arresting officer, was on patrol for the Columbus Police Department. According to Officer Luckey, while sitting at the stop sign at the corner of 11th Street South and 5th Avenue, he observed a maroon Chevy Lumina[2] approaching in his direction and noticed that none of the occupants were wearing a seat belt. Officer Luckey then initiated a traffic stop, turned his blue lights on, turned around, and stopped the vehicle on 4th Avenue South. Officer Luckey approached the vehicle and asked the driver for his driver’s license. The driver, who was identified as Austin, advised Officer Luckey that he did not have a driver’s license. Officer Luck-ey informed him that the reason for the traffic stop was that the occupants of the vehicle were not wearing seat belts.
¶ 5. Officer Luckey asked Austin for his social security number to check his driver’s license status and for warrants. While Officer Luckey performed these checks, Officer Kelvin Lee pulled up to assist Officer Luckey. Officer Luckey then went back to the car and allegedly smelled marijuana smoke. At that point, he asked Austin if there was anything in the vehicle he needed to know about. Austin responded negatively and gave Officer Luckey permission to search the vehicle. All of the passengers exited the vehicle.
¶ 6. Officer Luckey began to search the vehicle while Officer Lee stood outside the vehicle with the occupants. Inside the vehicle, Officer Luckey found marijuana leaves in the carpet. He also found an open container of beer. Officer Luckey then went to the rear of the vehicle to search the trunk. Prior to the trunk being opened, Austin advised Officer Luckey that there was a weapon in the trunk. Upon searching the trunk, Officer Luckey found a 12-gauge shotgun. Officer Luck-ey testified that the shotgun was inoperable because there was a 20-gauge shell lodged in the chamber, and the shell was too small to activate the firing pin.
¶ 7. Officer Luckey then noticed a green and white toiletry bag in the trunk that, in his opinion, felt heavier than it should have. When he opened the bag, he found a .45-caliber handgun. He testified that the handgun was operable. Officer Luck-ey testified that a magazine was needed to fire shots and there was no magazine found in the vehicle.
¶ 8. Officer Lee advised Officer Luckey that Austin was a convicted felon. When questioned, Austin admitted to being a felon. All three occupants were then placed in handcuffs and told to sit on the sidewalk.
¶ 9. Officer Luckey called Investigator Terry Dentry to investigate the scene. Investigator Dentry testified that because he did not try to fire the handgun, he did not know whether it was inoperable. However, there was no magazine found in the gun.
¶ 10. Austin testified that the shotgun recovered from his car belonged to his stepfather, and Austin had possession of it since January. Austin further testified that shortly before the traffic stop, he found the handgun in a ditch, cleaned it off, and placed it in the toiletry bag.
¶ 11. On February 23, 2011, Austin was convicted on Count II of the indictment and sentenced as a habitual offender to serve ten years in the custody of the MDOC. The same day, Austin filed a motion for JNOV or a new trial. The circuit court denied the motion. Austin appeals his conviction of Count II only.
*689 DISCUSSION
I. Sufficiency of the Evidence
¶ 12. A motion for JNOV challenges the sufficiency of the evidence. “[T]his Court must ask whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Curry v. State, 939 So.2d 785, 790 (¶ 18) (Miss.2006) (citing Bush v. State, 895 So.2d 836, 842-45 (Miss.2005)). “The proper remedy for a verdict based on insufficient evidence is for this Court to reverse and render.” Id.
¶ 13. Section 97-37-5(1) of the Mississippi Code Annotated (Supp.2011) states:
It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm ... unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section.
¶ 14. In this case, no one disputes that Austin was a previously convicted felon and aware of the presence and character of the .45-caliber handgun found. In fact, he admitted to intentionally and consciously possessing the firearm. Austin’s only argument is that there was insufficient evidence for finding that he possessed an operable firearm.
¶ 15. On direct examination, Officer Luckey testified in relevant part:
A: Mr. Austin had to open the trunk for me, and as he walked up to the vehicle, he advised that there was indeed a weapon in the vehicle.
Q: Now, you opened the trunk. What did you find?
A: I opened the trunk and there laying [sic] in the trunk was a 12-gauge shotgun.
Q: So the shotgun was inoperable, is what I’m hearing correct?
A: Correct. It had a shell stuck in it.
Q: And the — you said you continued to search the trunk, and you said you found a bag. What kind of bag?
A: I found a green and white toiletry bag, basically what it was.
A: He said he found it in a ditch. And that’s when I opened it up and discovered the handgun.
Q: That is, in fact, a .45 caliber weapon that you found in the trunk in that green sack, is that correct?
A: It is.
That firearm is, in fact, a functioning firearm? <©
It is. Yes, it is. i>
How do you know that? <©
All the moving mechanisms of the gun work. The slide works[;] you can rack it back[;] you can pull the hammer baek[;] you can squeeze the trigger[;] and it activates the hammer. The safety works. All it needs is a magazine put in it to fire — to fire the shots. !>
Now, when you' found the weapon, was there, in fact, a magazine in it? O
No, there was not.
¶ 16. Austin relies on Burnside v. State, 105 Miss. 408, 62 So. 420 (Miss.1918), where the defendant was convicted of carrying a concealed weapon. The court found that “it is shown that [the gun] could not be loaded, unloaded, or fired; that it *690 was rusty, could not be made to open, to work, to cock, and was filled with dirt.” Id. The court held: “we conclude that it cannot now be called a pistol. In this case the object once a pistol is not temporarily inefficient, but is permanently inefficient.” Id.
¶ 17. Unlike Burnside, the gun in this case was not permanently inefficient. Officer Luckey testified that all the moving mechanisms of the gun worked and that only a magazine was needed to fire it. Pictures of the gun as well as the actual gun were shown to the members of the jury. While there was no magazine found in the toiletry bag, trunk, or car, the gun found was nevertheless a “firearm” for statutory purposes. See Miss.Code Ann. § 97-37-5(1).
¶ 18. There is no statutory requirement that a firearm be properly loaded when found with a previously convicted felon. Mississippi Code Annotated section 41-29-152(2) (Rev. 2009) provides: “ ‘Firearm’ means any weapon, including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.” Austin offered no evidence that the firearm found in the trunk was not designed to expel a projectile. Nor did he offer any evidence to show that it could not readily be converted to do so. The evidence presented through testimony, photographs, and the gun itself support the verdict reached in this case that Austin was a convicted felon and had in his possession a .45-caliber handgun.
II. Overwhelming Weight of the Evidence
¶ 19. A motion for a new trial challenges the weight of the evidence. In reviewing challenges to the weight of the evidence, the Mississippi Supreme Court has held:
[T]his [Cjourt must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this [Cjourt disturb it on appeal. Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict.
Lee v. State, 910 So.2d 1123, 1128-1129 (¶ 22) (Miss.2005). In his post-trial motion, Austin claimed that the jury verdict was against the overwhelming weight of the evidence. Austin did not raise this issue on appeal. Therefore, it is procedurally barred.
¶ 20. For the foregoing reason, we affirm the judgment of the Lowndes County Circuit Court of conviction of Count II.
¶ 21. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF COUNT II, FELON IN POSSESSION OF A FIREARM, AND SENTENCE OF TEN YEARS AS A HABITUAL OFFENDER WITH THE SENTENCE TO RUN CONSECUTIVELY WITH ANY OTHER SENTENCE, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.

. Austin previously appealed his conviction of Count I, and this Court affirmed. See Austin V. State, 72 So.3d 565, 570 (¶ 16) (Miss.Ct.App.2011).

. The vehicle belonged to Austin’s girlfriend.