BARNES, J., for the Court:
¶ 1. Bobby Ray Henderson was convicted by a Franklin County Circuit Court jury on a count of possession of a weapon by a convicted felon. He was sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC) as a nonviolent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). On appeal, Henderson challenges his conviction and sentence. Finding that the evidence supports the conviction, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On December 3, 2010, Henderson mentioned to his uncle, J.L. Amos, that he had a shotgun he wanted to sell. Henderson said a friend, Kennon Halford, had “pawned” the gun to him for sixty dollars and that he would sell it to J.L. for seventy-five dollars. After assuring his uncle the shotgun was not stolen, J.L. agreed to buy the gun, and Henderson later delivered the shotgun to him.
¶ 3. On January 7, 2011, Halford went to Henderson and purchased a different gun, a Mossberg Ducks Unlimited shotgun, from him. Halford then contacted Deputy David Blackwell with the Franklin County Sheriffs Department to see if he needed to register the weapon. Aware that Henderson was a convicted felon and was prohibited from possessing a gun, Deputy Blackwell launched an investigation. He visited the home of Henderson’s father, Bobby Ray Amos, where Henderson was currently residing, and asked Mr. Amos about the gun. Realizing that the shotgun in question sounded like the one he owned, Mr. Amos went inside to search for his shotgun and discovered it was missing. Henderson arrived at this time, and he was questioned by Deputy Blackwell. Henderson voluntarily confessed to taking his father’s shotgun and selling it to Hal-ford. He also confessed to selling the shotgun that he had obtained from Halford to his uncle, J. L.[1] Deputy Blackwell went to J.L.’s home and retrieved the other shotgun.
¶ 4. Henderson was arrested and indicted on Counts One and Two, possession of a weapon by a convicted felon in violation of Mississippi Code Annotated section 97-37-5 (Supp.2012). After a jury trial, Henderson was convicted on Count Two and sentenced to ten years in the custody of the MDOC as a habitual offender, -without eligibility for parole or probation.[2] See Miss.Code Ann. § 99-19-81.
¶ 5. Henderson filed a motion for a judgment notwithstanding the verdict (JNOV) and a motion for a new trial; both were denied by the circuit court. Henderson appeals, claiming that while it was stipulated he was a convicted felon, the evidence was insufficient to prove he was in possession of the weapon in Count Two. We affirm the circuit court’s judgment, finding that the evidence supports the verdict.
DISCUSSION
¶ 6. Henderson contends that the circuit court’s denial of his motion for a JNOV was in error, as the evidence was insufficient to support his conviction for *638 Count Two. “A motion for [a] JNOV challenges the legal sufficiency of the evidence.” Johnson v. State, 81 So.3d 1020, 1028 (¶ 6) (Miss.2011) (citing Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)). If the evidence fails to show “beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[,] ... it is insufficient to support [the] conviction.” Id.
¶ 7. “To prove possession of a firearm by a convicted felon, the State must prove two things: (1) the person was in possession of a firearm, and (2) the person had been convicted of a felony crime.” Young v. State, 95 So.3d 685, 688 (¶ 10) (Miss.Ct.App.2011) (citing Cooley v. State, 14 So.3d 63, 66 (¶ 13) (Miss.Ct.App.2008)). Although it was stipulated at trial that Henderson was a convicted felon, he argues the State failed to prove that he possessed the shotgun sold to his uncle. Henderson notes that none of the witnesses, except J.L., alleged he had possession of the shotgun in Count Two. Further, he asserts that J.L.’s testimony was not reliable, as J.L. was “unable to remember any events with specificity surrounding [Henderson’s] alleged visit to [J.L.’s] home ■with the shotgun.”
¶ 8. We find no merit to Henderson’s claim. J.L., an ordained minister, unequivocally testified that Henderson was the one who delivered the gun to him.
Q. So who was it that brought the gun to your house?
A. Bobby [Henderson].
Q. [Henderson] did?
A. Yes.
Q. Okay. Did you see anybody else with him?
A. I didn’t. No, ma’am.
J.L. also identified, at trial, the shotgun sold to him by Henderson.
¶ 9. Moreover, Deputy Blackwell testified that Henderson admitted he “took the gun and sold it to his uncle[.]” Henderson attempts to make an issue about Deputy Blackwell’s failure to give him a Miranda warning before the questioning; however, the testimony clearly shows Deputy Blackwell’s visit with Henderson began merely as an investigation. Also, Henderson volunteered the information regarding the shotgun he sold to his uncle without any questioning or prompting by law enforcement. Deputy Blackwell stated:
When he walked up, I just simply told him — I think we exchanged pleasantries, hello, and then I told him I was up there to talk about the gun that Kennon Hal-ford had, and he immediately began to say, yeah. It was my dad’s gun. I took my dad’s gun[,] and [he] completed his statements. He never stopped talking.
See Smith v. State, 96 So.3d 33, 39 (¶ 21) (Miss.Ct.App.2012) (An interrogation performed during a non-custodial, “general on-the-scene” investigation, does not require a Miranda warning “in order that a defendant’s statements be admissible.” (citing Hopkins v. State, 799 So.2d 874, 878 (¶ 7) (Miss.2001))). Henderson was not arrested until the following day, at which time he was informed of his Miranda rights.
¶ 10. Consequently, we find that the evidence was sufficient to support Henderson’s conviction and sentence, and we affirm the circuit court’s judgment.
1111. THE JUDGMENT OF THE CIRCUIT COURT OF FRANKLIN COUNTY OF CONVICTION OF COUNT TWO, POSSESSION OF A WEAPON BY A CONVICTED FELON, AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE *639 CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FRANKLIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. At trial, Halford denied that he "pawned” or sold a shotgun to Henderson. He told law enforcement that the shotgun was his grandfather’s and that it had been stolen from his home. However, he did not recall that Henderson had ever been to his house.

. Henderson was found not guilty on Count One.