840 So.2d 747 (2003)
Willie D. HOPE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01969-COA.
Court of Appeals of Mississippi.
March 18, 2003.
*748 Raymond L. Wong, Cleveland, attorney for appellant.
Office of the Attorney General, by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Willie Hope was convicted of manslaughter and possession of a firearm by a convicted felon. Hope appeals asserting:
1. THAT THE TRIAL COURT ERRED BY ADMITTING EVIDENCE OF A SPENT FIREARM SHELL CASING; AND
2. THE TRIAL COURT ERRED IN DENYING THE MOTION FOR A DIRECTED VERDICT BECAUSE THE VERDICT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

STATEMENT OF FACTS
¶ 2. On Wednesday, July 25, 2001, Officer Robert Graham arrived in the neighborhood at about 11:00 p.m. the night of the shooting. He had been called to investigate an alleged rock throwing. Hope, apparently the one who called the police, told Officer Graham that Reginald "Fish" Fulton had been throwing rocks at his house. Officer Graham left to find and talk to Fish. Fish was found by Officer Graham and Fish told the officer that Hope and Fish's sister had just broken off a relationship.
¶ 3. After Officer Graham left the area, three men pulled up close to Hope's house in an automobile. The driver, Larry Pendleton, stated that he was there, at almost midnight, to feed the dogs of one of his friends. The driver went into one of the houses or behind one of the houses. The other two men, Brian Morrison and the victim, William Jackson, stayed by the car. Testimony was given that Hope knew and was friends with all three men and that he spoke to them.
*749 ¶ 4. Sometime after the three men arrived, Fish returned. Hope had a gun out and was threatening Fish. Several people, including Jennifer Brown and Karen Hope, Hope's nieces, tried to prevent Hope from shooting Fish. Somehow the gun discharged and Jackson was struck with a bullet. Jackson was standing on the other side of the car which was partially blocked by a tree. The angle at which Hope was standing in relation to the victim made it a difficult shot because Jackson was partially shielded by the car, a tree, and the corner of a house. Hope fled the scene.
¶ 5. The police arrived at the crime scene and an investigation was conducted. A spent shell casing was recovered the next day from the area where it was reported Hope was standing. A bullet was recovered from the victim which matched the caliber of the spent shell casing. No gun was ever recovered.

LEGAL ANALYSIS

1.THAT THE TRIAL COURT DID NOT ERR BY ADMITTING EVIDENCE OF A SPENT FIREARM SHELL CASING
¶ 6. Mississippi Rule of Evidence 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R.E. 403. In Lambert v. State, 462 So.2d 308, 313 (Miss.1984) our Supreme Court established the following standard of review: "The determination of relevancy [of evidence] is left to the sound discretion of the trial judge whose determination will not be reversed in the absence of clear abuse."
¶ 7. Hope argues that the shell casing should not have been allowed into evidence because the police did not properly secure the crime scene and that the shell casing could not be connected to Hope because no gun was recovered.
¶ 8. Addressing the arguments, it is important to remember that Hope admits throughout his brief that he had a gun at the time of the shooting. Witnesses testified that Hope had a gun. The fact that a crime scene was not, in Hope's opinion, properly secure, goes to the weight the jury should credit to the evidence, not the admissibility. Additionally, a bullet of the same caliber as the shell casing was removed from the victim. A person was shot with a bullet that matched a shell casing that was found at the crime scene in the location where the defendant was standing and brandishing a firearm.
¶ 9. In compliance with both the spirit and the letter of Watts v. State, 635 So.2d 1364 (Miss.1994), the trial judge weighed the probative value of this evidence against its prejudicial effect and determined that indeed its probative value was greater than its prejudicial effect. The trial judge properly allowed the evidence into the case.

2. THE TRIAL COURT DID NOT ERR IN DENYING THE MOTION FOR A DIRECTED VERDICT BECAUSE THE VERDICT IS NOT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 10. As to the weight of the evidence, the trial judge is given wide discretion to order a new trial in the face of overwhelming evidence contrary to the jury's verdict in order to prevent an unconscionable injustice. Braxton v. State, 797 So.2d 826, 828(¶ 6) (Miss.2000). While it is amazing that the victim was fatally *750 shot given the positions of Hope, the victim, and the obstructions of the house, tree, and car, this is probably the reason that the jury found Hope guilty of manslaughter rather than murder.
¶ 11. The other argument presented is that since no gun was recovered, Hope could not be found guilty of possession of a firearm by a convicted felon. We disagree. Although Hope exercised his right not to take the stand, witness testimony, including the defense witness, placed Hope at the crime scene with a gun.

CONCLUSION
¶ 12. We affirm the conviction of Hope. The trial judge properly admitted the evidence in question and the jury returned a verdict. The verdict was not against the overwhelming weight of the evidence.
¶ 13. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I MANSLAUGHTER AND SENTENCE OF EIGHTEEN YEARS; AND COUNT II POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF ONE YEAR, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS' POST-RELEASE SUPERVISION WITH ALL SENTENCES TO RUN CONSECUTIVELY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.