966 So.2d 837 (2007)
Napoleon L. EDWARDS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01699-COA.
Court of Appeals of Mississippi.
October 2, 2007.
William C. Bristow, Tupelo, attorney for appellant.
*838 Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On September 1, 2006, Napoleon Edwards was convicted in the Circuit Court of Lee County of possession of a weapon by a felon. The jury found him guilty and he was sentenced to serve three years in the custody of the Mississippi Department of Corrections and pay a fine of $5,000. Edwards filed motions for a judgment notwithstanding the verdict and for a new trial, which the court denied. Aggrieved, Edwards timely appealed and argues that the trial court erred by denying his motions for a directed verdict and a judgment notwithstanding the verdict.

FACTS
¶ 2. Napoleon Edwards was arrested on July 18, 2005, following an altercation with Bernard Strong. The altercation took place at the Tupelo residence of Timmy Holliman, with whom Edwards was living at the time.
¶ 3. There were three different sequences of events that were presented at trial. Bernard and his wife, Pamela Strong, presented one, Edwards gave another, and the State also introduced a statement signed by Edwards that contradicted his testimony at trial.
¶ 4. Edwards's statement indicated that Bernard threw a bag to him when he came up to the house. According to the statement, the bag belonged to Edwards, and it contained the gun, which Bernard was supposed to give to Edwards as payment. The statement also indicated that Edwards removed the gun from the bag and shot it into the ground because Bernard had threatened him. This was similar to the account presented by Bernard and Pamela, who testified that Edwards removed the gun from the bag and fired it into the ground. At trial, however, Edwards denied that he possessed or fired the gun. He also testified that he did not make the statement at the police station.
¶ 5. Nevertheless, it is uncontradicted that on July 18, police arrested Edwards after they responded to the scene of Holliman's residence because of a 911 call reporting shots fired. Officers apprehended Edwards, and, from a nearby house, they also recovered the bag containing a loaded revolver with one spent shell and a box of ammunition.

ISSUES AND ANALYSIS
¶ 6. Edwards's two points of error are that the trial court should have granted his motions for a directed verdict and his motion for a judgment notwithstanding the verdict. Both of these issues involve the same analysis, so we will discuss them together.
¶ 7. Review of a motion for a directed verdict or judgment notwithstanding the verdict tests the sufficiency of the evidence. Bush v. State, 895 So.2d 836, 843(¶ 15) (Miss.2005). The court must ask whether the evidence shows "beyond a reasonable doubt that the accused committed the act charged and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." Id. at 843(¶ 16) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Taking the evidence in the light most favorable to the verdict, the question is whether a rational trier of fact could have found all the elements beyond a reasonable doubt. Bush, 895 So.2d at 844(¶ 16) (citing Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
*839 ¶ 8. Section 97-37-5(1) of Mississippi Code Annotated (Rev.2006) states, "It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm. . . ."[1] The State must prove that the defendant, "as a prior convicted felon, willfully possessed a firearm." Jones v. State, 920 So.2d 465, 473(¶ 23) (Miss.2006). Similarly, to satisfy its burden in the present case, the State needed to put on evidence that Edwards was a convicted felon and that he willfully possessed a firearm.
¶ 9. We find that, contrary to Edwards's assertions, there was sufficient evidence for the jury to find all of the elements of the crime existed. First, Edwards's prior felony conviction was not at issue as both the State and the defense stipulated to it. This established the first element of the crime, that Edwards be a convicted felon.
¶ 10. As for the second element, there was testimony from multiple witnesses that Edwards not only possessed a gun but fired it into the ground. This alone is more than sufficient evidence since witness testimony may be sufficient to convict a defendant of possession of a weapon by a felon. Hope v. State, 840 So.2d 747, 750(¶ 11) (Miss.Ct.App.2003). This is so even if no weapon is recovered. Id.
¶ 11. In the present case, however, authorities also found the weapon that Edwards was alleged to have wielded, and the State introduced it at trial. Additionally, the State presented a statement signed by Edwards. In that statement, Edwards admitted he fired the gun into the ground, but he said he did so to protect himself. At trial, he denied that the statement was true and claimed that he just signed the papers that were given to him. Nevertheless, it was for the jury to judge the credibility of the evidence presented. Jones, 920 So.2d at 472(¶ 22).
¶ 12. Ultimately, we find that there was sufficient evidence from which the jury could find all the elements of the crime, possession of a firearm by a felon, existed beyond a reasonable doubt. Edwards's issues are without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF POSSESSION OF A WEAPON BY A FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A $5,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Section 97-37-5(1) does contain exceptions for anyone who is pardoned, obtains relief pursuant to Section 925(c) of Title 18 of the U.S.Code, or receives a certificate of rehabilitation. None of these apply to Edwards, however.