# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01268-COA

**CHRISTOPHER TOLIVER A/K/A DONTE HALL A/K/A DANTE HALL**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/03/2017 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: BENJAMIN A. SUBER |
| | GEORGE T. HOLMES |
| | MOLLIE M. MCMILLAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | ALEXANDER C. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION | AFFIRMED - 10/30/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND FAIR, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Christopher Toliver was convicted in Copiah County Circuit Court of possession of weapons by a convicted felon. He was sentenced to serve eight years in the custody of the Mississippi Department of Corrections (MDOC).  Toliver's post-trial motions were denied. Toliver appealed, asserting that the trial court erred in denying his post-trial motions because the evidence presented at trial was insufficient to support the jury's guilty verdict.  Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     On June 5, 2017, Toliver was indicted under Mississippi Code Annotated section 97-37-5 (Rev. 2014) for possession of weapons by a convicted felon. The circumstances surrounding this charge arose when several members of the Copiah County Sheriff's Department went to 4056 Tanyard Road in Crystal Springs on October 21, 2016. Two of the officers present on that day, Officer William Larry Lee and Officer Percy Calhoun, testified at Toliver's August 3, 2017 trial. Both officers testified that Toliver opened the door and allowed the officers to search the home. Officer Lee testified that Toliver owned the home. No contradictory evidence as to this fact was presented at trial. The officers also testified that three other adults were in the house when the members of the sheriff's department arrived. The officers discovered five guns—three behind a mirror, one on a night stand by the bed, and one between two mattresses. Both officers testified that Toliver admitted to them that the guns were his.[1]

¶3.     Officer Lee testified that Toliver was a convicted felon. He testified that he ascertained this information "by what [Toliver] said that day [when the guns were discovered at the Tanyard Road residence]." After Officers Lee and Calhoun testified, the State's next witness was Edna Stevens, the Circuit Clerk of Copiah County since 1984. She was questioned about the State's exhibit S-6, a certified copy of a sentencing order showing that in 1998 Toliver pleaded guilty to a possession-of-stolen-property charge and was sentenced to serve a one-year suspended sentence in the custody of MDOC. The sentencing order also

---

[1] To avoid repetition, we discuss the details of Toliver's admissions regarding the firearms when we address Toliver's sufficiency-of-the-evidence challenge later.

2

shows that Toliver was ordered to pay attorney's fees of $1,000, court costs of $240, a fine of $500, and restitution of $150 to Markeith Lofton and $150 to Greg Sanders. Ms. Stevens testified that she is charged with recording such orders. On cross-examination, she acknowledged that Toliver's 1998 sentencing order did not specifically contain the term "felony." On re-direct examination, however, Ms. Stevens testified that the crime of possession of stolen property is recorded as a felony.

¶4. The State's next witness was Greg Farrell, a long-time MDOC probation officer. The record reflects that Officer Farrell met with Toliver after his sentencing on the possession-of-stolen-property conviction to explain the paperwork Toliver must complete, to answer any questions Toliver may have, and to obtain Toliver's signature on the documents. Officer Farrell testified that he only supervises felony cases, and that a person charged with a misdemeanor would not see him. When a person receives a suspended sentence, as in Toliver's case, Officer Farrell testified that the paperwork includes (1) a form entitled "Notice of How Firearms and Voting Laws Affect You" that addresses certain laws that will affect the probationer; and (2) the probation order that, among other items, contains the conditions of probation.

¶5. The Notice of How Firearms and Voting Laws Affect You form, signed by Toliver and witnessed by Officer Farrell, was admitted into evidence as the State's exhibit S-7. This form clearly provides that Toliver was not allowed to have firearms in his possession "on or after the date of [his] conviction," including "purchasing any weapon from licensed firearms dealers, who are prohibited by law from selling firearms to convicted felons." Continuing,

3

the form specifies that "[t]o tell them you are not a convicted felon is also a crime."

¶6. Toliver's 1998 probation order relating to the possession-of-stolen-property conviction was admitted into evidence as the State's exhibit S-8. It was also signed by Toliver and witnessed by Officer Farrell. The probation order provides that because "the defendant has not been heretofore convicted of a felony," the court would suspend Toliver's sentence and place him on probation. One of the listed conditions of probation was that Toliver was prohibited from possessing firearms.

¶7. The jury rendered a unanimous verdict finding Toliver guilty of possession of firearms by a convicted felon, in violation of section 97-37-5. He was sentenced to serve eight years in MDOC. After the trial court denied his post-trial motions, Toliver appealed. He raises one assignment of error: The evidence was insufficient to support a conviction of possession of weapons by a convicted felon.

## STANDARD OF REVIEW

¶8. The standard of review on a sufficiency-of-the-evidence challenge is as follows: "When reviewing the sufficiency of the evidence, this Court must ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Edwards v. State*, 167 So. 3d 1286, 1288 (¶9) (Miss. Ct. App. 2014) (internal quotation marks omitted). Further, "if keeping in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded jurors in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to have been

4

sufficient." *Id.* (¶10) (internal quotation marks omitted).

## DISCUSSION

### I.    *Applicable Law*

¶9.    Section 97-37-5(1) provides that "[i]t shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm . . . ." "To prove possession of a firearm by a convicted felon, the State must prove two things: (1) the person was in possession of a firearm, and (2) the person had been convicted of a felony crime." *Henderson v. State*, 117 So. 3d 636, 638 (¶7) (Miss. Ct. App. 2013) (quoting *Young v. State*, 95 So. 3d 685, 688 (¶10) (Miss. Ct. App. 2011)). Toliver asserts that the State failed to prove both elements of this crime. After reviewing all of the evidence in the light most favorable to the prosecution, we agree with the trial court that the State satisfied its burden of proof for both elements of Toliver's felon-in-possession conviction and that the guilty verdict is sufficiently supported by the evidence. *See Edwards v. State*, 966 So. 2d 837, 839 (¶¶9-12) (Miss. Ct. App. 2007).

### II.    *Possession of Firearms*

¶10.    Regarding the State's proof that Toliver possessed the firearms, Toliver argues that the State did not present any evidence to "verify" that he owned the home searched by the members of the Copiah County Sheriff's Department or that Toliver admitted that the guns were his.[2] We find that this argument is without merit for the reasons discussed below.

---

[2] "The owner of the premises where the contraband is found is rebuttably presumed to be in possession of the contraband." *Gavin v. State*, 785 So. 2d 1088, 1093 (¶17) (Miss. Ct. App. 2001). If the defendant, however, "is not the owner of the premises or in exclusive possession, then the State must prove some 'competent evidence connecting him with the

¶11. Both Officer Lee and Officer Calhoun testified that when they went to the Tanyard Road address, Toliver opened the door and allowed the officers to search his home. Officer Lee testified that Toliver owned the home, and no evidence was introduced at trial contradicting this statement. Indeed, the statement of facts section of Toliver's Appellant's Brief provides that "Toliver was the owner of the house."

¶12. Further, there is ample evidence that Toliver admitted that he owned the five guns found at the home. Both officers testified at trial that Toliver admitted to them that the guns were his. Officer Lee testified that when he was removing the guns from the home, Toliver said, "Where are you going with my guns?" Officer Calhoun corroborated this statement. Both officers also testified that when Toliver was later interviewed at the sheriff's department, he again admitted that the guns were his. One of the firearms recovered was a .380-caliber pistol. Officer Lee testified that Toliver told him his girlfriend had bought that pistol for him at a gun show, and Officer Calhoun testified that Toliver told him it was "his little pocket rocket that he carried all the time."

¶13. In *Edwards*, we held that witness testimony "is more than sufficient evidence . . . to convict a defendant of possession of a weapon by a felon." 966 So. 2d at 839 (¶10) (citing *Hope v. State*, 840 So. 2d 747, 750 (¶11) (Miss. Ct. App. 2003)). *See also Bradley v. State*, 934 So. 2d 1018, 1027 (¶33) (Miss. Ct. App. 2005) (Evidence that defendant was arrested with a gun hidden in his suitcase and that defendant admitted that he possessed the gun was found to be sufficient evidence meeting "possession" element of felon-in-possession

contraband.'" *Id.* (quoting *Powell v. State*, 355 So. 2d 1378, 1379 (Miss. 1978)).

6

conviction.).

¶14.　We find that the testimonies of Officer Lee and Officer Calhoun likewise constitute sufficient evidence meeting the "possession" element in this case. It is the role—and the responsibility—of the jury to "weigh witness testimony and determine its credibility. . . . [W]here the evidence justifies a verdict, it must be accepted as having been found worthy of belief." *Osborne v. State*, 54 So. 3d 841, 846 (¶21) (Miss. 2011); *see Edwards v. State*, 797 So. 2d 1049, 1058 (Miss. Ct. App. 2001) ("It is the jury's role to weigh the credibility of the evidence and decide which facts are accepted or rejected."). "Juries are chosen for the purpose of resolving questions of fact, and this Court 'will not substitute our factual findings for that of the jury in a contest of credibility.'" *Roberson v. State*, 19 So. 3d 95, 105 (¶25) (Miss. Ct. App. 2009) (quoting *Russell v. State*, 834 So. 2d 714, 718 (¶18) (Miss. Ct. App. 2002)). The jury reviewed the evidence presented at trial in its entirety, and determined which facts were to be accepted or rejected. Viewing the evidence in the light most favorable to the prosecution, reasonable jurors could have found beyond a reasonable doubt that Toliver possessed the firearms. *Edwards*, 167 So. 3d at 1288 (¶9).

### III.　*Convicted Felon*

¶15.　Regarding the second element of Toliver's felon-in-possession conviction, Toliver argues that the State did not prove beyond a reasonable doubt that he was actually a convicted felon because none of the forms or orders admitted into evidence stated that Toliver was a felon. We find that this argument is also without merit for the reasons addressed below.

¶16. The record shows that there was sufficient evidence for the jury to find that Toliver was a convicted felon, including (1) the State's exhibit S-6, Toliver's 1998 possession-of-stolen-property sentencing order; (2) the State's exhibit S-7, the Notice of How Firearms and Voting Laws Affect You form, signed by Toliver and witnessed by Officer Farrell; (3) the State's exhibit S-8, Toliver's 1998 probation order, also signed by Toliver and witnessed by Officer Farrell; and (4) the witnesses' testimony about these exhibits. We now review this evidence in detail.

¶17. Toliver's 1998 sentencing order shows that Toliver pleaded guilty to a possession-of-stolen-property charge and was sentenced to serve a one-year suspended sentence in the custody of MDOC. The applicable statute in effect in 1998, when Toliver pleaded guilty and was sentenced to a one-year suspended sentence, was Mississippi Code Annotated section 97-17-70 (1972). In relevant part, this statute provided:

> § 97-17-70. Receiving stolen property.
>
> (1) A person commits the crime of receiving stolen property if he intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner.
>
> (2) The fact that the person who stole the property has not been convicted, apprehended or identified is not a defense to a charge of receiving stolen property.
>
> (3) Any person who shall be convicted of receiving stolen property which exceeds Two Hundred Fifty Dollars ($250.00) in value shall be committed to the custody of the State Department of Corrections for a term not exceeding five (5) years or by a fine of not more than One Thousand Dollars ($1,000.00), or both.

Miss. Code Ann. § 97-17-70 (1972). Toliver was sentenced under section 97-17-70(3) setting forth the punishment for felony-level receipt of stolen property.

¶18. Toliver's one-year suspended sentence in the custody of MDOC was authorized under section 97-17-70(3) and shows that the possession-of-stolen-property charge to which he pleaded guilty was a felony. In *Anthony v. State*, 349 So. 2d 1066 (Miss. 1977), for example, the Mississippi Supreme Court explained that it was not necessary for the defendant's indictment to contain the word "felony" where the aggravated assault statute under which he was charged provided for punishment ranging from not more than one year in the county jail, nor more than twenty years in the penitentiary. *Id.* at 1067. The supreme court held: "[T]his Court has adopted the rule that when the court or the jury is given the discretion to fix punishment for an offense by imprisonment in the penitentiary or by fine or confinement in the county jail, such offense is held to be a felony regardless of the penalty actually imposed." *Id.*; *see State v. Sansome*, 133 Miss. 428, 439, 97 So. 753, 754 (1923) ("In testing an offense as to whether it is a felony or misdemeanor, the power given to imprison in the penitentiary determines it to be a felony."); *see also* Miss. Code Ann. § 1-3-11 (Rev. 2014) (defining "felony" as "any violation of law punished with death or confinement in the penitentiary"). Additionally, the jury heard the testimony of Edna Stevens, the Circuit Clerk of Copiah County, who was questioned about the 1998 sentencing order on Toliver's possession-of-stolen-property guilty plea. Ms. Stevens testified that she is charged with recording such orders and that the crime of possession of stolen property is recorded as a felony.

¶19. Toliver's 1998 sentencing order and Ms. Stevens's testimony was sufficient evidence to meet the "convicted felon" element of his felon-in-possession conviction. *See Carter v. State*, 941 So. 2d 846, 853-54 (¶¶30-34) (Miss. Ct. App. 2006) (holding that the State's introduction into evidence of an order accepting defendant's guilty plea to a charge of robbery and sentencing him to serve seven years in the custody of MDOC for that crime was sufficient evidence to prove the "convicted felon" element of a felon-in-possession charge); *Grant v. State*, 762 So. 2d 800, 804 (¶¶6, 9) (Miss. Ct. App. 2000) (holding that testimony from the circuit clerk that defendant was a convicted felon was sufficient evidence to prove the "convicted felon" element of the felon-in-possession charge).

¶20. In this case, the jury also saw and heard testimony about Toliver's 1998 probation order and the Notice of How Firearms and Voting Laws Affect You form. Greg Farrell, the MDOC probation officer, testified that he reviewed this paperwork with Toliver after his sentencing on the possession-of-stolen-property guilty plea. Officer Farrell further testified that he only supervises felonies; a person charged with a misdemeanor would not see him.

¶21. The Notice of How Firearms and Voting Laws Affect You form that Officer Farrell reviewed with Toliver provides that federal law prohibits Toliver from having firearms in his possession "on or after the date of [his] conviction." The form further provides that "[t]his includes purchasing any weapon from licensed firearms dealers, who are prohibited by law from selling firearms to convicted felons. *To tell them you are not a convicted felon is also a crime*." Emphasis added. This language informs Toliver that he is a convicted felon. Toliver signed this form, acknowledging he understood and accepted its contents. He

effectively admitted to his status as a convicted felon, providing further proof of his "convicted felon" status. *See Williams v. State*, No. 2016-KA-01485-COA, 2018 WL 618733, at \*2 (¶9) (Miss. Ct. App. Jan. 30, 2018) (Defendant's admission that he was a convicted felon was sufficient to prove the "convicted felon" element of a felon-in-possession charge.); *see also Patterson v. State*, 127 Miss. 256, 260-61, 90 So. 2, 3 (1921) (Defendant's own admission may be considered in determining whether crime was committed.).

¶22.    Toliver's 1998 probation order that Officer Farrell reviewed with Toliver was also signed and acknowledged by Toliver and witnessed by Officer Farrell. This order provides that because "the defendant has not been *heretofore* convicted of a felony" (emphasis added), the court would suspend Toliver's sentence and place him on probation. A jury could infer that the use of the term "heretofore," which means "before now," indicates that Toliver's possession-of-stolen-property conviction was a felony. *See Anderson v. State*, 874 So. 2d 1000, 1006 (¶22) (Miss. Ct. App. 2004) (observing that "a jury is allowed to consider all logical inferences flowing from the evidence" and determining that the jurors could infer that "F3" on the defendant's conviction report meant "felony" in determining whether the State had met its burden in proving the "convicted felon" element of a felon-in-possession charge).

¶23.    The jury in this case was instructed on the two elements of felon-in-possession, and was further instructed as follows:

> It is your duty to determine the facts and to determine them from the evidence produced in open court . . . . The evidence which you are to consider consists of the testimony and statements of the witnesses and exhibits offered and received. You are also permitted to draw such reasonable inferences from the

evidence as seem justified in the light of your experience.

"The jury is presumed to follow the instructions given by the trial court." *Evans v. State*, 226 So. 3d 1, 32 (¶83) (Miss. 2017). In this case, the jury heard witness testimony on the convicted-felon issue, saw the exhibits relating to this element, and was allowed to take the exhibits back with them to the jury room for review. Based upon the evidence before it, and all reasonable and logical inferences from that evidence, the jury reasonably believed that Toliver was a convicted felon beyond a reasonable doubt. We find no basis for reversing this determination. *See Patterson*, 90 So. at 3; *Carter*, 941 So. 2d at 853-54 (¶¶30-34); *Anderson*, 874 So. 2d at 1006 (¶22); *Grant*, 762 So. 2d at 804 (¶¶6, 9); *Williams*, 2018 WL 618733, at *2 (¶9).

¶24. In conclusion, we find that there was sufficient evidence from which the jury could find that both elements of the felon-in-possession crime existed beyond a reasonable doubt. We therefore affirm Toliver's conviction and sentence entered by the trial court.

¶25. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**